IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEPHEN LAWLESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AURORA CANNIBIS INC., et al.,<br><br>Defendants. | Civil No. 20-13819 (RMB/AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

This matter comes before the Court on the supplemental brief filed by Counsel for Lead Plaintiff in support of its Motion to Appoint Lead Counsel. [See Docket Nos. 16, 42.] For the reasons expressed below, the Court will appoint Laurence M. Rosen of The Rosen Law Firm, P.A., and Jeremy A. Lieberman of Pomerantz LLP (collectively, "Counsel"), as Co-Lead Counsel in this matter.

This Court previously appointed Counsel's clients, referred to as the Aurora Investor Group, as the Lead Plaintiffs in this matter. [See Docket Nos. 40–41.] However, the Court reserved judgment on the question of who should be appointed Lead Counsel. [See Docket No. 40, at 17–19.] The Court wrote:

> Per the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). As the Court has determined the Aurora Investor Group to be the most adequate plaintiff, it will now consider the Group's selection of The Rosen Law Firm P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") as co-lead counsel.
> Generally, courts "should . . . employ a deferential standard in reviewing the lead plaintiff's choices." In re Cendant Corp., 264 F.3d [201,] 274 [(3d Cir. 2001)]. "Courts are not, however, a rubber-stamp for plaintiffs' selection of counsel, and an inquiry into 'whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms' is necessary."

> Stires[ v. Eco Science Solutions, Inc.], [Nos. 17-3707, 17-3760, 17-5161,] 2018 U.S. Dist. LEXIS 25088, at *18 (quoting In re Cendant Corp., 264 F.3d at 276). A court analyzing this inquiry should consider, among other things,
>
>> (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel.
>
> In re Cendant Corp., 264 F.3d at 276. "[A]t bottom, the ultimate inquiry is always whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." Id.
>
> Here, it is evident based on their resumes that both Rosen Law and Pomerantz have substantial relevant experience and expertise. [Docket Nos. 16-8, 16-9.] However, the Court lacks sufficient information to conclude as to the remaining factors outlined above—namely, the Aurora Investor Group's "quantum of legal experience and sophistication," how the Group decided which firms to consider and ultimately chose Rosen Law and Pomerantz, and any information about the retainer agreement and how it was negotiated.
>
> Without this information, the Court is not in a position to answer the "ultimate inquiry" of whether the Aurora Investor Group's "choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." Id. Therefore, the Court will reserve judgment on the appointment of lead counsel pending additional briefing from the Aurora Investor Group on the above issues.

[Docket No. 40, at 17–19.]

In its supplemental brief, Counsel gave additional information about the factors that were not adequately briefed originally. [Docket No. 42, at 2–4.] Specifically, Counsel explained the Aurora Investor Group's sophistication and experiencing with respect to selecting overseeing counsel: they have over seventy combined years of experience as sophisticated investors, and two of the three individuals have supervised legal counsel before. [Id. at 2–3.] The brief also indicates that Aurora Investor Group selected Counsel via

2

a good-faith and informed selection process that included researching and vetting Counsel's firms and "satisfying themselves that Rosen Law and Pomerantz were qualified to serve as Co-Lead Counsel in this litigation." [Id. at 3.] Finally, the brief addresses the retainer agreement with Counsel, which amounts to a contingency fee not to exceed one-third of any recovery—a typical and reasonable fee in a case such as this. [See id.]

**THEREFORE**, **IT IS**, on this **27th** day of **August** 2021,

**ORDERED** that Laurence M. Rosen of The Rosen Law Firm, P.A., and Jeremy A. Lieberman of Pomerantz LLP are appointed as Co-Lead Counsel in this matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
